# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 10-565V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MEGAN L. GODFREY, | |
| Petitioner, | Filed: August 30, 2016 |
| v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Milton Clay Ragsdale, IV*, Ragsdale LLC, Birmingham, AL, for Petitioner.

*Jennifer L. Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## ATTORNEY'S FEES AND COSTS DECISION[1]

On August 20, 2010, Megan L. Godfrey filed a petition seeking compensation under the National Vaccine Injury Compensation Program, alleging, among other things, that the human papillomavirus ("HPV") vaccine she received on August 22, 2007, caused her subsequent development of juvenile ankylosing spondylitis ("JAS").[2] ECF No. 1. Thereafter, an entitlement hearing was held on December 10, 2012. ECF No. 64. On June 11, 2014, former Chief Special

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Master Vowell[3] issued a decision denying Petitioner entitlement to relief. ECF No. 72. Petitioner filed a motion for review on July 11, 2014 (ECF No. 74), which produced a remand, second decision, second motion for review, and ultimately a denial that was not further appealed.[4]

Interim attorney's fees and costs were stipulated to and awarded on December 2, 2014. ECF No. 83. Petitioner has now filed an unopposed motion for final attorney's fees and costs, dated August 24, 2016. *See* ECF No. 112. Petitioner requests reimbursement of attorney's fees and costs in the amount of $44,275.95 (representing attorney's fees in the amount of $44,184.50, and attorney's costs in the amount of $91.45). *Id*. Respondent has represented that she does not object to the sum requested. *Id*. In addition, and in compliance with General Order No. 9, Petitioner represents that she has not incurred any out-of-pocket, litigation-related expenses in conjunction with this proceeding. ECF No. 112 (Ex. C).

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $44,275.95 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Milton Clay Ragsdale, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of Petitioner's motion.[5]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Chief Special Master Vowell retired in September 2015.

[4] Judge Nancy B. Firestone of the United States Court of Federal Claims issued an order granting in part Petitioner's motion for review and remanding the case for consideration in light of the Federal Circuit's discussion of a potentially-relevant causation theory *in Koehn v. Sec'y of Health & Human Servs*., 773 F.3d 1239 (Fed. Cir. 2014). ECF No. 93. I issued a decision on remand finding that *Koehn* did not affect the result and denying entitlement on October 27, 2015. ECF No. 101. Petitioner then filed a motion for review of the decision on remand on November 30, 2015. ECF No. 102. Judge Firestone denied the motion for review on April 29, 2016, sustaining the denial of entitlement. ECF No. 109.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.